[S. F. No. 7358.   In Bank.—March 26, 1915.]

## A. V. GLOUGIE, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF FRESNO, Respondent.

PROHIBITION—THREATENED RETRIAL OF ACTION AFTER JUDGMENT HAS BECOME FINAL—REMEDY BY APPEAL.—A petition for a writ of prohibition showed that on February 6, 1914, in an action pending in the superior court of Fresno County, in which the petitioner was plaintiff and Dora M. Glougie and others were defendants, a judgment was rendered by the superior court in favor of the petitioner and against said defendants. On February 9, 1914, the defendants appealed from said judgment to the supreme court, and on January 4, 1915, that court dismissed the appeal. On May 2, 1914, and while the appeal was pending, the defendants applied to the superior court, upon notice to the plaintiff, for an order vacating the said judgment, and on August 3, 1914, the superior court granted the application and entered an order setting aside both the final and inter-

locutory judgments made and entered in the action. After the dismissal of the appeal, on January 12, 1915, upon application of the plaintiff, the superior court made an order setting aside the order of August 3, 1914, vacating the judgment, upon the ground that said court had no jurisdiction to make the same, because an appeal from said judgment was at the time pending in the supreme court. On January 9, 1915, the petitioner caused a writ of execution in said action to be issued, and levied upon the property described in the judgment. On February 7, 1915, before the day fixed for the execution sale, the superior court, without notice to the plaintiff, made an order staying the execution, and on March 3, 1915, made an order setting aside the interlocutory decree and final judgment, and ordered the action set for trial on May 5, 1915. The writ was sought to restrain the superior court from further proceedings in the action and from further interference with the judgment therein. *Held,* that notwithstanding a question as to the jurisdiction of the superior court was presented, the writ should not issue, as the petitioner had a remedy by appeal, and in view of the power of the supreme court to prevent by *supersedeas* a retrial pending the appeal, such remedy by appeal is sufficiently plain, speedy, and adequate.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Fresno County.

The facts are stated in the above syllabus.

C. K. Bonestell, for Petitioner.

THE COURT.—We are of the opinion that the application should be denied. The petition does present a question as to the jurisdiction of the superior court. Petitioner, however, has his remedy by appeal, and in view of the power of this court to prevent by *supersedeas* a retrial pending appeal, if a sufficient showing is made to warrant such action, we are of the opinion that the remedy by appeal is sufficiently plain, speedy, and adequate.

The application is denied.